OPINION
{¶ 1} Defendant, Karlin Hart, was convicted of having weapons while under the disability of a prior felony conviction, R.C. 2923.13(A)(3), which was entered on Defendant's plea of no contest following the trial court's denial of Defendant's Crim.R. 12(C)(3) motion to suppress *Page 2 
evidence. Defendant was sentenced to serve five years of community control sanctions.
 {¶ 2} Defendant filed a timely notice of appeal from his conviction and sentence. The appeal is before us for review on a brief filed by Defendant's appellate counsel stating that he can find no meritorious error to assign. Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 19 L.Ed.2d 493. We notified Defendant of that representation and afforded him an opportunity to file a supplemental brief pro se, but none has been received. The case is now before us for a review pursuant to Anders, as well as our own independent review of the record for error. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 3} As a possible error for review, Defendant's appellate counsel suggests that the trial court erred when it denied Defendant's motion to suppress evidence, for two reasons. First, because police lacked authority in law to stop a vehicle in which Defendant was a passenger, which led to his subsequent arrest. Second, that police were not authorized to enter a residence into which Defendant fled in order to effect his arrest.
 {¶ 4} Evidence presented at the hearing on Defendant's motion demonstrates that on April 27, 2005, Dayton Police *Page 3 
Officer John Beall was dispatched to 119 Gramont Avenue in Dayton to investigate a citizen report of drugs being sold there. When he arrived there, Officer Beall saw an automobile with three people inside, parked at the curb of a residence next door to 119 Gramont. When Officer Beall approached the auto, the driver quickly pulled the vehicle forward and into the driveway of 119 Gramont, without signaling his turn.
 {¶ 5} Officer Beall activated his cruiser's overhead lights and pulled into the same driveway. As he did, all three occupants of the vehicle got out and ran into the residence at 119 Gramont through the rear door, ignoring Officer Beall's calls to stop. One was Defendant Hart, who had been a rear seat passenger in the vehicle.
 {¶ 6} The trial court found that Officer Beall was authorized to stop the vehicle under the rule of Dayton v. Erickson, 76 Ohio St.3d, 1996-Ohio-431, after its driver had turned into the driveway at 119 Gramont without signaling his turn. We agree that a violation of R.C.4511.39(A) is portrayed. However, the threshold issue, in our view, is whether there was a stop for purposes of Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 7} A show of force by a law enforcement officer is a necessary predicate to a seizure for purpose of the Fourth *Page 4 
Amendment. United States v. Mendenhall (1980), 446 U.S. 544,100 S.Ct. 1870, 64 L.Ed.2d 497. However, until an officer's attempt to affect an investigatory stop succeeds by obtaining the suspect's compliance, no seizure takes place and, therefore, no Fourth Amendment review of the reasonableness of the officer's decision to intrude on the suspect's privacy is warranted. California v. Hodari D (1991), 499 U.S 621,111 S.Ct. 1547, 113 L.Ed.2d 690.
 {¶ 8} "The issuance of a command to `Halt' when not complied with is not a Fourth Amendment seizure." Katz, Ohio Arrest, Search and Seizure (2007 Ed.), § 15:7. The Third District Court of Appeals has held that where a suspect flees after an officer has activated his cruiser's overhead lights in an attempt to stop or detain the suspect, activation of the overhead lights was not a seizure. State v. Terry (1998), 130 Ohio App.3d 253.
 {¶ 9} Defendant and his two companions did not submit to Officer Beall's shows of force, and instead fled into the residence at 119 Gramont Avenue. Because no seizure occurred as a result of the stop of the vehicle in which Defendant was a passenger, whether Officer Beall was authorized by law to "stop" the vehicle was a moot issue for purposes of any motion to suppress that Defendant might file. *Page 5 
 {¶ 10} Officer Beall testified that when Defendant emerged from the vehicle, Officer Beall recognized him and recalled that warrants for Defendant's arrest were outstanding. Officer Beall then went to the rear door of the residence Defendant had entered, and found that it was locked. When one of the residents came to the door, she refused to unlock it.
 {¶ 11} Officer Beall called for assistance. While waiting, he walked around the perimeter of the house to determine that Defendant had not otherwise escaped. He also looked through the windows of the vehicle in the driveway and saw a .9 mm semi-automatic pistol on the rear seat where Defendant had sat. Officer Beall seized the firearm and found that it was loaded.
 {¶ 12} Additional officers arrived in three to five minutes after they were called. Officer Beall and two other officers again went to the rear door. The same resident again came to the door. Officer Beall explained that Defendant was wanted on outstanding arrest warrants and, in addition, as a convicted felon illegally possessed the firearm found in the vehicle. He also explained that officers intended to enter the residence and arrest Defendant. The resident, who is the aunt of one of the other two men who had fled into the residence, then unlocked the door and allowed the officers to *Page 6 
enter. Police searched for Defendant and found him hiding in an attic. He was then arrested.
 {¶ 13} "[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with with it the limited authority to enter a dwelling which the suspect lives when there is reason to believe the suspect is within." Payton v. New York (1980), 445 U.S. 573, 603,63 L.Ed.2d 639, 100 S.Ct. 1371, 1388. The rule applies with even greater force where, as here, the suspect has fled into a dwelling where he does not live in order to avoid his arrest on a warrant. Therefore, officers were authorized to enter the residence at 119 Gramont Avenue to search for Defendant, knowing there were warrants for his arrest outstanding and having seen him flee inside, the actual resident's earlier resistance to that request notwithstanding.
 {¶ 14} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1